IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BRITTNI POPE** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ORION RESTORATION, LLC,** )<br>**ORION RESTORATION** )<br>**SOLUTIONS, LLC,** )<br>**ORION RESTORATION -** )<br>**STORM DIVISION LLC,** )<br>**AND JASON HUNTER CASH** )<br>)<br>**Defendants.** )<br>_____ ) | CIVIL ACTION NO. 1:12-CV-4408-TCB |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Brittni Pope, by and through her attorneys, sues the Defendants Orion Restoration, LLC, Orion Restoration Solutions, LLC, Orion Restoration Storm Division, LLC and Jason Hunter Cash for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Brittni Pope ("Plaintiff"), is a citizen and resident of the State of Georgia.

2. Defendants Orion Restoration, LLC, Orion Restoration Solutions, LLC

1

and Orion Restoration Storm Division, LLC (hereinafter collectively Orion) are Georgia Limited Liability Corporations.

3. Defendant Jason Hunter Cash, an individual, is a citizen and resident of the State of Georgia. Mr. Cash directs, controls and participates in the conduct of the three defendant corporations including the copyright infringement at issue in this case. Mr. Cash also serves as the registered agent for Orion Restoration, LLC and Orion Restoration Storm Division LLC.

4. Personal jurisdiction is proper because all four Defendants reside in the District and/or the act(s) of infringement complained of herein occurred in the District.

5. This Court has subject matter jurisdiction over these federal question claims pursuant to 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a), and 28 U.S.C. §§ 1331(a).

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and/or 28 U.S.C. §1400(a).

## FACTUAL BACKGROUND

### The Copyrighted Works

7. Plaintiff was engaged by Defendants as an independent contractor to do marketing and graphic design work from May 21, 2012, to September 10, 2012.

8. Plaintiff is responsible for the creation, development, and production of

works which have significant value and were produced and created using her talents. These works included three e-magazine editions of the Orion which she created. Orion published these works through a hosting site called issuu.com, where the works remain available to the public as demonstrated in Exhibit A.

9. Each of the e-magazines contain original content and photography by Plaintiff.  When work by other authors is referenced in the magazines those authors are credited with links to the original sources. The design work and layout of the magazines were created solely by plaintiff working from home as well as working in the offices of Orion.

10. Plaintiff also wrote and designed a 54-page software manual called the "Clear View Software Manual" which explained the functionality of Orion's proprietary software to staff, insurance agents, insurance adjusters and customers.

11. Additionally Plaintiff wrote a blog published on the Orion website and created the Hail and Storm Damage center for the website, which consists of approximately 20 individual web pages.

12. Plaintiff timely registered copyrights in each of the three e-magazines with the United States Copyright Office within three months of their being fixed in a tangible form.

## The Infringement of the Copyrighted Works

13. Upon ceasing work as an independent contractor for Defendants,

Plaintiff terminated Defendants' license to her Copyrighted Works and other materials.

14. Nevertheless, Plaintiff is informed and believes that Defendant, without the permission or consent of the Plaintiff, has and continues to reproduce and distribute to the public, including by making available for distribution to others, the Copyrighted Works.

15. Defendant's acts of infringement were intentional, willful, malicious, and in disregard of and with indifference to the rights of the Plaintiff.

16. As a result of Defendant's acts of infringement, Plaintiff has been damaged.

## COUNT I
## DECLARATORY JUDGMENT
## OF AUTHORSHIP AND OWNERSHIP
## 28 U.S.C.A. § 2201

17. Plaintiff realleges and incorporates by reference Paragraphs 1 to 16 of this complaint as if set forth fully here.

18. Pursuant to 28 U.S.C.A. § 220, Plaintiff seeks a declaration of her authorship and ownership of the copyrights in the Copyrighted Works under 17 U.S.C. §§ 101, et seq.

## COUNT II
## COPYRIGHT INFRINGEMENT/
## VIOLATION OF 17 U.S.C. §§ 101, ET SEQ.

19. Plaintiff realleges and incorporates by reference Paragraphs 1 to 16 of this complaint as if set forth fully here.

20. At all relevant times hereto, Plaintiff has and continues to be the holder of the pertinent valid and exclusive copyrights for the Copyrighted Works.

21. Defendant violated Plaintiff's exclusive rights of reproduction and distribution for the Copyrighted Works reproducing and distributing the Copyrighted Works.

22. Defendant's acts constitute infringement of Plaintiff's exclusive copyrights protected under the Copyright Act of 1976 (17 U.S.C. § 101, *et seq*.).

23. Defendant's acts of infringement were intentional, willful, malicious, and in disregard of and with indifference to the rights of the Plaintiff.

24. As a result of the Defendant's infringement of Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

25. The conduct of the Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

26. Plaintiff is entitled to injunctive relief prohibiting the Defendant from

further infringing the Plaintiff's copyright and ordering that the Defendant destroy all copies of Copyrighted Work made in violation of the Plaintiff's copyrights.

**WHEREFORE,** the Plaintiff prays that this Honorable Court grant the following relief against the Defendant:

1. Enter a permanent injunction providing that Defendant shall:

    (a) be enjoined from directly, contributorily, or indirectly infringing the Plaintiff's rights in the Copyrighted Works including without limitation reproducing or copying the Plaintiff's Copyrighted Works, distributing the Plaintiff's Copyrighted Works, or making the Plaintiff's Copyrighted Works available for distribution to the public, except pursuant to a lawful license or with the express authority of the Plaintiff; and,

    (b) destroy all copies of the Plaintiff's Copyrighted Works that Defendant maintains including all copies transferred onto any physical medium or device in the Defendant's possession, custody, or control; and,

2. Award statutory damages pursuant to 17 U.S.C. § 504, but in no event less than $30,000 per infringement and up to $150,000 per infringement should the Court find any infringement to be willful or intentional; and,

3. Award Plaintiff reasonable attorneys' fees, costs, and interest; and,

4. Award all other such and further relief as the Court deems just and proper.

This 21[th] day of December, 2012.

                              Respectfully submitted,

                              <u>s/Elizabeth Ann Morgan</u>
                              Elizabeth Ann Morgan
                              Georgia Bar No. 522206
                              THE MORGAN LAW FIRM P.C.
                              260 Peachtree Street
                              Suite 1601
                              Atlanta, Georgia 30303
                              TEL:  404-496-5430
                              morgan@morganlawpc.com
                              *Counsel for the Plaintiff*